**RANGE RIDER PARTNERS LIMITED PARTNERSHIP, an Arizona limited partnership Appellants,**

v.

**RANGE RIDER ESTATES, an Arizona general partnership; Leo R. Beus; Paul E. Gilbert; Nancy McVety, Trustee of the Nancy McVety Trust Appellees.**

No. 00–16623.

D.C. No. CV–99–1561–PHX–ROS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided May 10, 2002.

Before BRIGHT *, B. FLETCHER, and FISHER Circuit Judges.

MEMORANDUM **

Appellant Range Rider Partners Limited Partnership ("RR Partners") appeals from a final order of the district court upholding the bankruptcy court's judgment that RR Partners was not entitled to exercise its right to redeem a settlement agreement made with Range Rider Estates ("RR Estates"), concerning the purchase of eighty acres of undeveloped property in Maricopa County, because the agreement was not an executory contract. We have jurisdiction to hear this appeal

under 28 U.S.C. § 158(d). We affirm the ruling of the district court.

Because the facts of this case are known to the parties, we will discuss them only as necessary to explain our decision.

I

We review the district court's decision on appeal from a bankruptcy court *de novo*. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc). With regard to the bankruptcy court's underlying ruling, our standard of review is the same as applied by the district court. *S. Pac. Funding Corp. v. The SPFC Liquidating Trust (In re S. Pac. Funding Corp.)*, 268 F.3d 712, 714 (9th Cir.2001). "Factual determinations are reviewed for clear error, while legal conclusions and mixed questions of law and fact are reviewed *de novo.*" *Id.*

II

Under the Bankruptcy Code, a debtor can redeem an executory contract with leave of the court at any time before its reorganization plan is confirmed. 11 U.S.C. § 365. RR Partners seeks to exercise its right of redemption of its settlement agreement with RR Estates, based on the view that the agreement is an executory contract. We agree with the ruling of the district court that the agreement was not executory within the meaning of § 365.

"[A] contract is executory if the obligations of both parties are so unperformed that the failure of either party to complete

---

* Judge Myron H. Bright, Senior Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

performance would constitute a material breach and thus excuse the performance of the other." *Unsecured Creditors' Comm. of Robert L. Helms Constr. & Dev. Co. v. Southmark Corp. (In re Robert L. Helms Constr.),* 139 F.3d 702, 705 (9th Cir.1998). However, a contract will not be considered executory if performance does not "remain[ ] due to some extent on both sides." *Id.* In *Helms,* we held that an option contract, for which the option has not been exercised prior to the debtor's filing of bankruptcy, does not constitute an executory contract under § 365, because the prospect of continuing duties between the parties remains too speculative to support the debtor's right of redemption. *Id.*

Like the option contract in *Helms,* the agreement between the parties here imposed no mutual obligation until RR Part- ners had paid to RR Estates, first, $2 million by January 23, 1999, and, second, $1 million by February 23, 1999. When RR Partners filed its petition for bankruptcy on January 22, 1999, no payment had yet been made and, therefore, no option to purchase the property had been exercised. As a consequence, the parties owed no reciprocal duties to one another, and no executory contract had been formed. We therefore affirm the ruling of the district court.

AFFIRMED